HIRAM  H.  DRAPER  *v.*  EZRA  PIERCE.

*Tender.*

A tender of the balance which the other party claims to be his due on book account is a recognition and acknowledgment of that sum as the true balance, and, if accepted, is conclusive upon both parties; and will bar any recovery by either for any items of  account which were previously matters of dispute between them.

BOOK ACCOUNT.   The auditor reported a balance of  one dollar

and fifty-two cents in favor of the plaintiff, subject to the opinion of the court upon the following facts:

In the spring of 1856 the defendant had an account against the plaintiff, and sent him a copy of it, in which he claimed a balance due him of eleven dollars and twenty-nine cents. In a short time the plaintiff called on the defendant and told him he was ready to settle the account, but that the defendant must allow him six dollars and forty-six cents for the use of a lumber sleigh, which the defendant had had of the plaintiff to draw wood with. The defendant told the plaintiff that that sum was much too large, and that he had done service enough for the plaintiff for which he had not charged, to fully pay for the use of said sleigh, and after some altercation the parties separated.

The defendant then procured a writ and sued the plaintiff before a justice in an action on book account, and the next day after the writ was served the plaintiff procured specie and tendered the defendant eleven dollars and twenty-nine cents for the debt, and sixty-three cents for costs. The defendant told the plaintiff that he would take the money, but that he did not know what the service of the writ amounted to; that he would ascertain, and if the sixty-three cents was sufficient for the costs, he would discharge the suit. The next day the plaintiff commenced this suit against the defendant, and the day following the defendant, having ascertained that his cost in the first suit was but sixty-five cents, he gave the plaintiff notice that he discontinued the suit he had commenced. There were no dealings between the parties after the defendant sent the plaintiff his account, and all the items in the plaintiff's account which were allowed were well understood by him when he made the tender.

In the plaintiff's account as charged and allowed there was an item of "cash, eleven dollars and twenty-nine cents," being the amount tendered and received as above stated, and there was also a charge for the use of the sleigh above referred to which the auditor allowed at two dollars and sixty-two cents in finding the balance reported by him. Upon the foregoing facts the county court, December Term, 1856,— KITTRIDGE, J., presiding,— rendered judgment for the plaintiff to recover one dollar and fifty-two cents and costs. Exceptions by the defendant.

*E. B. Burton*, for the defendant.

I. The effect of the tender was an admission by Draper that a sum equal to the amount of the tender was due from him to Pierce to balance book accounts between them. The case finds Draper tendered eleven dollars and twenty-nine cents for the *debt*. But in an action of book account the debt is the *balance*; *Temple* v. *Bradley*, 14 Vt. 256; *Patrick* v. *Hazen*, 10 Vt. 183. A tender out of court has the same effect as "payment of money into court;" *Eddy* v. *O'Hara*, 14 Wendell 223; 2 Saunders on Pl. and Ev. 1045; and payment of money into court admits the cause of action and an indebtedness to the amount of the sum so paid in; 2 Saunders on Pl. and Ev. 422; 3 Black. Com. 303 – 4.

II. Pierce had a right to suppose that Draper designed the tender as a balance of all their book accounts, and, having received the money under that impression, Draper should be *estopped* from denying that as the true balance; 2 Smith's Leading Cases 531–2; *Hicks et al.* v. *Cram et al.*, 17 Vt. 455; *Davis & Aubin* v. *Bradley & Co.*, 24 Vt. 64; *Strong* v. *Ellsworth*, 26 Vt. 373.

*F. Potter*, for the plaintiff.

The tender by the plaintiff to Pierce was only for what Pierce claimed in his suit, and did not include the use of the sleigh. It was not an accord and satisfaction, and was not so intended.

Parties have a right to commence separate suits on book, and a judgment in one suit does not bar the account of the other unless it was presented and adjudicated. Hence a tender is no bar; *Scott* v. *Nichols*, 12 Vt. 76; *Gale* v. *Cooper*, 11 Vt. 597.

The tender and acceptance by Pierce amounts to nothing but a payment *pro tanto; Miller* v. *Holden*, 18 Vt. 337; *Gassett* v. *Andover*, 21 Vt. 351; *Goslin* v. *Hodson*, 24 Vt. 140.

The opinion of the court was delivered by

ISHAM, J. The tender which was made in the first suit between these parties was upon the balance of their book accounts as stated in the account rendered by the defendant to the plaintiff in the spring of 1856. That balance and not the particular items of their accounts constituted the claim on which the tender was made. It is stated in the case that no subsequent dealings were had between

these parties.  This suit, therefore, is brought upon matters which existed during the pendency of the first suit, and which were included in the account rendered or were the subject of disagreement at the time of their attempted compromise.· It is not pretended that any item of account for which this suit is brought was then overlooked or omitted through forgetfulness or mistake.  When, therefore, this plaintiff tendered to the defendant in that action the sum of eleven dollars and twenty-nine cents it was an acknowledgment on his part that that sum was due from him as a balance on book.  It was a recognition of the balance as stated to him in the account rendered by the defendant, and in effect was a waiver of any further claim on items of account about which they had disagreed.  The plaintiff is bound to regard that as the true balance of their book accounts.  The money tendered was accepted as payment of that balance by the defendant and his suit thereupon discontinued.  Both parties are now concluded by it, as much so as by an accord and satisfaction.  This plaintiff who made that tender can sustain no action upon matters of account which then existed between them, whether those matters were agreed to or were the subject of dispute.  They must be regarded as merged or included in the balance, which the parties have acknowledged to be the true one, by the tender made by the plaintiff and the acceptance of the money and the discontinuance of the suit by the defendant.  If this suit can be sustained, its effect will virtually be to allow the plaintiff to recover back money tendered by him and received by the defendant on a claim acknowledged to be just and due.  We think this action cannot be sustained.

The judgment of the county court is reversed and judgment rendered for the defendant.